IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

**JOSHUA MCKEE,**                    )
                                     )
        Plaintiff,            )
                                     )
    v.                       )         2:25cv1885
                                     )         **Electronic Filing**
**MPW INDUSTRIAL SERVICES, INC.**    )
and **CRANE COMPANY,**               )
                                     )
        Defendants.           )

<u>**MEMORANDUM and ORDER**</u>

Joshua McKee ("plaintiff") commenced this action in the Allegheny County Court of

Common Pleas on November 5, 2025, by filing a *praecipe* for writ of summons.  Crane

Company and MPW Industrial Services, Inc., ("defendants") removed the action to this court on

December 5, 2025.  Presently before this court is plaintiffs' motion to remand.  Because an

adequate basis for removal has not been presented, plaintiff's motion will be granted.

It is black letter law that removal is permitted after a plaintiff has filed "an initial

pleading setting forth the claim for relief upon which such action or proceeding is based."  28

U.S.C. § 1446(b).   Here, plaintiff filed a *praecipe* for writ of summons, not a complaint.  For the

purposes of removal, the Third Circuit has clarified that "[a] summons may not serve as an initial

pleading" because, "the time to remove is triggered by 'receipt of the complaint, through service

or otherwise, *after and apart from service of the summons*.'"  <u>Sikirica v. Nationwide Ins. Co.</u>, 416

F.3d 214, 222 (3d Cir. 2004) (emphasis in original) (quoting <u>Murphy Bros., Inc. v. Michetti Pipe

Stringing, Inc.</u>, 526 U.S. 344, 348 (1999)).  Not mincing words, the Third Circuit concluded:

"[w]e therefore hold that <u>Murphy Bros.</u> implicitly overruled <u>Foster</u>, and a writ of summons can

no longer be the 'initial pleading' that triggers . . . removal under the first paragraph of 28 U.S.C.

§ 1446(b)."  <u>Id.</u> at 223.

It follows that an adequate basis for removal has not been presented. Consequently, the matter will be remanded to the Allegheny County Court of Commons Pleas. An appropriate order follows.

## **ORDER**

AND NOW, this 27th day of April, 2026, IT IS ORDERED that [4] plaintiff's motion to remand be, and the same hereby is, granted. The Clerk of Court is directed to remand this case to the Allegheny County Court of Common Pleas forthwith.

<u>s/David Stewart Cercone</u>
David Stewart Cercone
Senior United States District Judge

cc:   Albert J. Evans, Esquire
       Edward D. Fisher, Esquire
       Christopher G. Mavros, Esquire

       (*Via CM/ECF Electronic Mail*)

2